**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------

LAWRENCE OBIE, individually and on behalf
of all others similarly situated;                                    Civil Action No.:

                              Plaintiff(s),
          -against-                                                  **CLASS ACTION COMPLAINT**


I.Q. DATA INTERNATIONAL, INC.                                        **DEMAND FOR JURY TRIAL**
and JOHN DOES 1-25

                              Defendant(s).
----------------------------------------------------------------

Plaintiff, LAWRENCE OBIE (hereinafter, "Plaintiff"), a New York resident, brings this

Class Action Complaint by and through his attorneys, Marcus & Zelman, LLC, against

Defendant I.Q. DATA INTERNATIONAL, INC. (hereinafter "Defendant" or "IQ") and JOHN

DOES 1-25, individually and on behalf of a class of all others similarly situated, pursuant to Rule

23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's

counsel, except for allegations specifically pertaining to Plaintiff, which are based upon

Plaintiff's personal knowledge.


**INTRODUCTION/PRELIMINARY STATEMENT**

1.  Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of

    abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C.

    § 1692(a). At that time, Congress was concerned that "abusive debt collection practices

    contribute to the number of personal bankruptcies, to material instability, to the loss of

    jobs, and to invasions of individual privacy." *Id.*  Congress concluded that "existing laws .

    . . [we]re inadequate to protect consumers," and that "the effective collection of debts"

does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendants actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer"

as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection law firm with its principal office located at 1010 SE Everett Mall Way, Suite 100, Everett, Washington 98208.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) on behalf of the following class:

- The Class consists of (a) all individuals with addresses in the State of New York (b) to whom I.Q. Data International, Inc. (c) sent a collection letter attempting to collect a consumer debt (d) owed to or allegedly owed to 2115 Piedmont Apartments (e) which attempted to collect interest, (f) when such interest was not expressly authorized by the agreement creating the debt or permitted by law (g) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

15. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibits A,* violate 15 U.S.C. §§ 1692e and 1692f.

17. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

18. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)    **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    (b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any

questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e

(c)    **<u>Typicality:</u>** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)    **<u>Adequacy:</u>** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the

controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## ALLEGATIONS OF FACT

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to October 10, 2016, an obligation was allegedly incurred to 2115 Piedmont Apartments ("2115PA").

24. The 2115PA obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

25. The alleged 2115PA obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. 2115PA is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

27. The 2115PA debt directly or through an intermediary contracted the Defendant to collect the alleged debt.

28. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

29. On or about October 10, 2016, Defendant sent a letter (the "Letter") to the Plaintiff a collection letter regarding the alleged debt owed to 2115PA. *See* **Exhibit A.**

30. Plaintiff received the letter and read it.

31. The Letter states in part:

"Principal Due:     $3931.72
Interest Due:      $1636.21
Total Due:        $5567.93"

13. Upon information and belief, the underlying agreement creating the debt did not expressly authorize that interest could be charged.

14. Upon information and belief, there is no law in New York that would permit the Defendant to charge interest in this case.

32. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.

33. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15  U.S.C. §1692e *et seq.***

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

35. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

36. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37. Defendant violated said section by:

- Falsely representing the amount of the debt in violation of §1692e(2)

- Making a false and misleading representation in violation of §1692e(10).

38. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and

attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 16 U.S.C. §1692f *et seq.*

39. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

41. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt.

42. Defendant violated said section by:

- Attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §1692f(1).

43. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq., and Yitzchak Zelman, Esq. as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)      Awarding Plaintiff and the Class actual damages;

(d)      Awarding Plaintiff costs of this Action, including reasonable attorneys'

fees and expenses;

(e)      Awarding pre-judgment interest and post-judgment interest; and

(f)      Awarding Plaintiff and the Class such other and further relief as this Court

may deem just and proper.

Dated: December 27, 2016          */s/ Ari H. Marcus*_____
                                 Ari Marcus, Esq.
                                 MARCUS & ZELMAN, LLC
                                 1500 Allaire Avenue, Suite 101
                                 Ocean, New Jersey 07712
                                 (732) 695-3282 telephone
                                 (732) 298-6256 facsimile
                                 ari@marcuszelman.com
                                 *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

Dated: December 27, 2016          */s/ Ari H. Marcus*_____
                                 Ari Marcus, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my

own knowledge and based upon information available to me at my office, the matter in controversy

is not the subject of any other action now pending in any court or in any arbitration or

administrative proceeding.

Dated:  December 27, 2016          */s/ Ari H. Marcus*_____

Ari Marcus, Esq.